1
       HURLBETT & FAUCHER
      Robert E. Hurlbett, CSB #149519
2
      John D. Faucher, CSB # 232050
        3324 State Street, Suite O
        Santa Barbara, CA 93105
3
           (818) 889-8080
       Facsimile: (805) 367-4154
4
        john@hf-bklaw.com

5
Attorneys for Chapter 7 Trustee Jerry Namba

6

7
            **IN THE UNITED STATES BANKRUPTCY COURT**

8
                  **CENTRAL DISTRICT OF CALIFORNIA**

9
| | |
|---|---|
| In re | ) CASE NO. 9:09-bk-12218-RR |
| | ) *(CHAPTER 7)* |
| JOHN J. BURKE and MARCIA K. MEIER, | ) |
| | ) |
| Debtors. | ) **TRUSTEE'S MOTION FOR SALE OF** |
| | ) **PERSONAL PROPERTY OF THE** |
| | ) **ESTATE FREE AND CLEAR OF LIENS;** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES AND SUPPORTING** |
| | ) **DECLARATION OF JERRY NAMBA,** |
| | ) **CHAPTER 7 TRUSTEE, IN SUPPORT** |
| | ) |
| | ) Hearing |
| | ) Date: Tuesday, March 30, 2010 |
| | ) Time: 10:00 a.m. |
| | ) Place: Courtroom 201 |
| | ) 1415 State Street |
| | ) Santa Barbara, CA 93101 |
| | ) |

17
        TO THE HONORABLE ROBIN L. RIBLET, U.S. BANKRUPTCY JUDGE:

18
        Jerry Namba, the duly-appointed, qualified and acting chapter 7 Trustee (the "Trustee") for the captioned debtor, hereby moves the court under 11 U.S.C. § 363(b) and (f), and for an order approving the sale of the debtors' trade names, website, mailing list, and other assets of the Santa Barbara Writers Conference (the "Assets") for the sum of $27,000.00. The proposed buyer is Randy Pennington. The Buyer agrees to pay the sum of $27,000.00 within thirty (30) days after the entry of an order approving the sale.

24
        The Trustee believes that the sale is in the best interest of the estate for the following reasons:

1. The purchase price maximizes the value of the Assets to the estate.

2. The terms of the sale with the Buyer have been negotiated at arms-length and the consideration for the purchase of the Assets is fair and reasonable, and represents the fair market value for the Assets.

3. The Trustee has satisfied all procedural requirements of notice of the motion to obtain Court approval of this sale.

In order to maximize the greatest value of this estate and its creditors, at the hearing on this Motion, parties offering to purchase the Assets on substantially the same or better terms as those set forth herein will have the opportunity to overbid for the purchase of the Assets. Any initial overbid must be in an amount not less than $30,000.00, or $3,000.00 greater than the Buyer's offer of $27,000.00. Overbids above $30,000.00 must be made in increments of $1,000.00. Any party wishing to overbid must bring a cashier's check or money order made payable to "Jerry Namba, Chapter 7 Trustee," in the amount of 10 percent of the bid price. This cashier's check or money order will be paid by any successful overbidder as a non-refundable deposit and held by the Trustee in a trust account pending closing of the sale transaction. In the event of additional bids in excess of $27,000.00, the bidders must provide the Trustee with a stipulation that the overbidder will be bound by the same terms as the proposed Buyer. Should an overbidder be successful, the overbidder must pay to the Trustee within five (5) business days after the entry of the Order approving the sale the remainder of the amount bid.

Buyer will have the right to participate in any overbids. In the event of an overbid proceeding, and the Buyer successfully overbids any bidder, the terms contained herein are superseded. The Buyer will have thirty (30) days after the entry of the Order approving the sale to pay to the Trustee the remainder of the amount bid.

The Motion is based upon this Motion, the concurrently filed Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Jerry Namba, the pleadings

on file in the Debtor's Chapter 7 case, and upon such other evidence as may properly be presented to the Court at this hearing.

Wherefore, the Trustee respectfully requests that the Court authorize the sale of the Assets free and clear of liens under the terms contained herein.

DATED: February 17, 2010        HURLBETT & FAUCHER

By: */s/ John D Faucher*
JOHN D. FAUCHER, Attorney
for Trustee, Jerry Namba

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

INTRODUCTION

Jerry Namba, the duly appointed and acting Chapter 7 Trustee in the bankruptcy case of John J. Burke and Marcia K. Meier (the Debtors), hereby seeks Court approval pursuant to 11 U.S.C. § 363(b) and (f) of the sale of several assets relating to the Santa Barbara Writers Conference (the Assets). The Trustee believes that the Assets have a value to the estate of $27,000.00 and has agreed to sell the Assets to Kenneth "Randy" Pennington (the Buyer) at that price.

The Trustee believes that all burdens of establishing a sound business justification for the sale of the Assets have been met under 11 U.S.C. § 363(b):

1. The Trustee believes that the purchase price maximizes the value of the estate's interest in the Assets to the estate;

2. The terms of the sale with the Buyer have been negotiated at arms-length and that consideration for purchase of the estate's interest is fair and reasonable, and represents the fair market value for the estate's interest in the Assets;

3. The Trustee has satisfied all procedural requirements of notice to obtain Court approval; and

4. The terms of the proposed sale are embodied in the offer.

For all the reasons discussed in detail below, the Trustee requests an order of the Court allowing the sale of the estate's interest in the Assets to the Buyer.

II.

FACTUAL AND PROCEDURAL BACKGROUND

1.    The debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code on or about June 9, 2009 (the "Petition Date").

2.      The Assets consist of the trade names "The Santa Barbara Writers Conference" and "Santa Barbara Writers Conference;" the most recent list of conference attendees; the website of the Santa Barbara Writers Conference and URLs to direct internet traffic to that website; and files, mailing lists, telephone numbers, databases, and other records owned by and relating to the Santa Barbara Writers Conference.

3.      The Assets are to be purchased by the Buyer, Kenneth "Randy" Pennington, for the sum of $27,000.00. See Exhibit A. The sum will be turned over to the Trustee within 30 days of the entry of the Order approving the sale.

4.      Debtors had listed their 100 percent ownership of stock in "Santa Barbara Writers Conference, Inc.," as an asset in the estate. See Exhibit B, Debtors' Schedule B. Debtors had valued this stock at zero.

5.      In investigating the estate, the Trustee determined that the corporation had been dissolved and that its assets and liabilities had reverted to the Debtors. See Exhibit C, Certificate of Dissolution.

6.      The Trustee had not initially intended to market the Assets, because it was not clear that they had any value. However, the Trustee did receive three or four unsolicited calls inquiring about the Assets. One other person offered $10,000 for the Assets. Trustee believes that this offer, for $27,000.00, is the best offer he can find for the Assets.

7.      The Santa Barbara Writers Conference collected personally-identifiable information from its speakers, moderators, and participants. This information included first and last names, geographical addresses of individual residences, electronic addresses, telephone numbers, and credit card account numbers. The Santa Barbara Writers Conference did not disclose any policy prohibiting the transfer of personally-identifiable information to its customers, patrons, and participants.

8. 11 U.S.C. § 363(b) allows a Trustee, after notice and a hearing, to "sell, other than in the ordinary course of business, property of the estate." This section requires a sale's proponent to establish that 1) a sufficient business reason justifies the sale; 2) the price for the transfer is fair and reasonable; 3) the property sold has been given adequate marketing; 4) the sale has been negotiated and proposed in good faith; 5) that the purchaser is proceeding in good faith, and 6) that the transaction is at arms-length. In re Wilde Horses Enterprises, Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

9. This sale of estate property will maximize revenues to the estate, and allow for the distribution of a dividend to the unsecured creditors. The maximizing of revenues is a sufficient business reason to sell the Assets.

10. The price for the transfer is fair and reasonable. It is the highest amount offered for the Assets by several parties seeking to acquire them.

11. The property sold has been given adequate marketing. The Assets are unusual and idiosyncratic; purchasing them implies that the bidder would like to carry on the Santa Barbara Writers Conference into the future. Anyone who has an interest in doing so probably has attended the conference, and travels in a relatively small circle of people. It is highly improbable that widespread advertising of the Assets would attract potential purchasers who are unaware of the availability of the Assets.

12. The sale has been negotiated in good faith by the Trustee and the purchaser: there is no evidence that the parties seek to transfer the Assets for any other reason than maximizing revenues on the part of the Trustee, and acquiring the Assets at the best possible price on the part of the purchaser. The Trustee has no connection to the purchaser, and the transaction is at arms' length.

13. The trustee believes that all of the above requirements from <u>Wilde Horse Enterprises</u> have been met. Therefore, the Court should grant the motion and allow the Trustee to sell the Assets to the Buyer under the terms contained herein.

14. The Trustee requests that the sale be free and clear of liens. Under 11 U.S.C. § 363(f)(3), a property may be sold free and clear of liens only if "the price at which the property is to be sold is greater than the aggregate value of all liens on such property." The Trustee is unaware of any liens on the Assets; thus, the aggregate value of the liens, zero, is less than the price at which the property is to be sold.

15. Bankruptcy Rule 2002(a)(2) requires that "at least 21 days notice by mail" be given for a "proposed use, sale or lease of property of the estate other than in the ordinary course of business ..." Bankruptcy Rule 2002(c)(1) requires the notice to "include the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections." Notice of the proposed sale has been given in accordance with these Bankruptcy Rules, as evidenced by the Notice of Motion on file with the Court and the Proof of Service attached hereto.

16. In view of the compelling business reasons for the sale, and the sale's satisfaction of the procedural and substantive requirements of 11 U.S.C. § 363(b), the Trustee submits that the Court should the approve the sale to the Buyer under 11 U.S.C. § 363(b).

17. Based upon the foregoing, the Trustee requests that the motion be granted and that the Court enter an Order approving the sale of the Assets to the Buyer as set forth herein.

DATED: February 13, 2010        HURLBETT & FAUCHER

By: _____
JOHN D. FAUCHER, Attorney
for Trustee, Jerry Namba

**SUPPORTING DECLARATION OF JERRY NAMBA**

I, Jerry Namba, declare:

I am an attorney in good standing duly admitted to practice in all the courts in the State of California and in the United States District Court for the Central District of California, and I am the duly-appointed trustee for the case of <u>In re John J. Burke and Marcia K.</u> Meier, case no. 9:09-bk-12218-RR in the U.S. Bankruptcy Court for the Central District of California. If called as a witness, I could and would competently testify of my own personal knowledge concerning the facts set forth in this declaration.

1. The debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code on or about June 9, 2009 (the "Petition Date").

2. The estate includes several assets (the Assets), including the trade names "The Santa Barbara Writers Conference" and "Santa Barbara Writers Conference;" the most recent list of conference attendees; the website of the Santa Barbara Writers Conference and URLs to direct internet traffic to that website; and files, mailing lists, telephone numbers, databases, and other records owned by and relating to the Santa Barbara Writers Conference.

3. The Assets are to be purchased by the Buyer, Kenneth "Randy" Pennington, for the sum of $27,000.00. See Exhibit A. The sum will be turned over to the Trustee within 30 days of the entry of the Order approving the sale. I believe this sum represents the best offer for the Assets.

4. Debtors had listed their 100 percent ownership of stock in "Santa Barbara Writers Conference, Inc.," as an asset in the estate. See Exhibit B, Debtors' Schedule B. Debtors had valued this stock at zero.

5. In investigating the estate, I determined that the corporation had been dissolved and that its assets and liabilities had reverted to the Debtors. See Exhibit C, Certificate of Dissolution.

5. In investigating the estate, I determined that the corporation had been dissolved and that its assets and liabilities had reverted to the Debtors. See Exhibit C, Certificate of Dissolution.

6. I had not initially intended to market the Assets, because it was not clear that they had any value. However, my office did receive three or four unsolicited calls inquiring about the Assets. One other person offered $10,000 for the Assets. I believe that this offer, for $27,000.00, is the best offer I can find for the Assets.

7. The Santa Barbara Writers Conference collected personally-identifiable information from its speakers, moderators, and participants. This information included first and last names, geographical addresses of individual residences, electronic addresses, telephone numbers, and credit card account numbers. The Santa Barbara Writers Conference did not disclose any policy prohibiting the transfer of personally-identifiable information to its customers, patrons, and participants.

8. I have negotiated the sale in good faith with the Purchaser. I have no connection to the Purchaser.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true correct and that this declaration was executed this ____ day of January, 2010, in Santa Maria, California.

_____
JERRY NAMBA,
Chapter 7 Trustee

| In re:<br>JOHN J. BURKE AND MARCIA K. MEIER,<br><br>Debtor(s). | CHAPTER 7<br><br>CASE NUMBER 9:09-BK-12218-RR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5743 Corsa Ave., Suite 116, Westlake Village, CA 91362

A true and correct copy of the foregoing document, the **TRUSTEE'S MOTION FOR SALE OF PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS; MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATION OF JERRY NAMBA, CHAPTER 7 TRUSTEE, IN SUPPORT**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _2/17/10_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

John D. Faucher  john@hurlbettfaucher.com, FaucherECF@gmail.com
Jacqueline A. Gruber  ecfcacb@piteduncan.com
Jerry Namba  jnambaepiq@earthlink.net, jnamba@ecf.epiqsystems.com
United States Trustee (ND)  ustpregioin16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _2/17/10_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Robin L. Riblet
United States Bankruptcy Court
1415 State Street
Santa Barbara, CA  93101

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                  F 9013-3.1

| In re: | CHAPTER 7 |
|---|---|
| JOHN J. BURKE AND MARCIA K. MEIER, Debtor(s). | CASE NUMBER 9:09-BK-12218-RR |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/17/10 | Yvonne Cole | *Yvonne Cole* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1